IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT ALAN GROSHONG,**

    **Plaintiff,**

    v.                                                                **CASE NO. 24-3021-JWL**

**JOHN-MARK A. HENKE, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. The Court entered a Memorandum and Order (Doc. 4) ("M&O") ordering Kansas Department of Corrections ("KDOC") officials to submit a *Martinez* Report. This matter is before the Court on the KDOC's Motion for Extension of Time to file *Martinez* Report (Doc. 12) and Plaintiff's Motion for Appointment of Counsel (Doc. 11).

The KDOC seeks a 60-day extension of time to complete the report, noting that the KDOC has recently submitted reports in two other cases and currently has an unusually high work volume. This is the KDOC's first request for an extension of time. The Court grants the motion for extension of time.

Plaintiff filed a motion seeking the appointment of counsel, arguing that he has been unable to obtain counsel, he is incarcerated in segregation with limited access to the law library or legal materials, and he is requesting a jury trial. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the

district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.

The Court's M&O ordered KDOC officials to prepare and file a *Martinez* Report, stating that "[o]nce the Report has been received, the Court can properly screen Plaintiff's claim under 28 U.S.C. § 1915A." (Doc. 4, at 6.) The M&O also provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." *Id.* at 7. The Court denies the motion for appointment of counsel without prejudice to refiling the motion if Plaintiff's Complaint survives screening after the Report has been received.

**IT IS THEREFORE ORDERED BY THE COURT** that the KDOC's Motion for Extension of Time to file *Martinez* Report (Doc. 12) is **granted.** The deadline to submit the *Martinez* Report is extended to **July 12, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel

2

(Doc. 11) is **denied without prejudice.**

  **IT IS SO ORDERED**.

  **Dated May 13, 2024, in Kansas City, Kansas.**

            **S/  John W. Lungstrum**
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**